**Tino FIUMARA, Petitioner–Appellant,**

v.

**Jerry A. O'BRIEN, Warden, U.S.P. Leavenworth, Respondent–Appellee.**

No. 88–2532.

United States Court of Appeals,
Tenth Circuit.

Nov. 6, 1989.

Rehearing Denied Jan. 25, 1990.

Thomas R. Dyson, Jr., Washington, D.C. (Donald R. Hoffman, of Tilton, Beck & Hoffman, Topeka, Kan., with him on the brief), for petitioner-appellant.

Alleen S. Castellani (Benjamin L. Burgess, Jr. and Connie DeArmond on the brief) of the Office of the U.S. Atty., Topeka, Kan., for respondent-appellee.

Before McKAY and SEYMOUR, Circuit Judges, and PHILLIPS, District Judge.*

PHILLIPS, District Judge.

Appellant Tino Fiumara is an inmate at the United States Penitentiary in Leavenworth, Kansas, where he is serving a sentence of twenty-five (25) years, eight (8) months, and seventeen (17) days arising out of convictions he suffered in the United States District Court for the District of New Jersey and the United States District Court for the Southern District of New York. Fiumara was convicted in New Jersey of two violations of the Hobbs Act, involving interference with commerce by threats and violence. Fiumara was convicted in New York of one count of RICO conspiracy, one substantive violation of the RICO statute, two counts of filing false income tax returns, and thirty-five violations of the Hobbs Act.

Prior to Fiumara's sentencing in New Jersey, the government prosecutor properly brought to the attention of the Probation Department Fiumara's alleged involvement in four murders.[1]

The allegations contained in the prosecutor's letter were as follows:

1. On or about October 14, 1967, at the 309 Club, located at 309 Lafayette Street, Newark, New Jersey, the defendant Tino Fiumara murdered Peter Mantello also known as "Flatnose Pete", Patsy Collucci and Nicholas Collucci by shooting them to death.

2. Between on or about January 1, 1969, and March 1969, at the City of Paterson, New Jersey, the defendant Tino Fiumara and others murdered Robert Harris by beating and shooting him.

Fiumara's Appeal Brief at 3, No. 88–2532 (Nov. 11, 1988).

Fiumara has never been charged or tried on these murders. The prosecutor's letter, which was appended to the pre-sentence report, was challenged by Fiumara and an extensive pre-sentencing hearing was held before the district judge in New Jersey.[2] At the conclusion of that hearing the trial judge commented to the effect that: (1) the defendant was not on trial for homicide; (2) the trial court would not sentence the defendant for homicide; and (3) the function of the *Fatico* hearing was not to find the defendant "guilty" or "not guilty" of uncharged murders. (*See* Record on Appeal, Doc. No. 23, Attachment I, *Fatico* Sentencing Transcript, No. 78–319 at 1717 & 1719 (D.C.N.J. Oct. 2, 1979); Fiumara's Appeal Brief at 5 n. 9 & 6 n. 11, No. 88–2532 (Nov. 11, 1988)). The trial court made no findings on Fiumara's involvement in the four murders prior to sentencing.

On June 19, 1984, appellant was afforded his initial parole determination hearing at United States Penitentiary, Leavenworth, Kansas ("USPL"). The Parole Panel stated:

The Panel takes note of the seriousness of the offense, which has involved extortionate threats and participation in racketeering activity. The Panel also takes note of the allegations concerning the murder of three individuals and the participation in a high level in organized crime activity.

The Panel is of the opinion there is not sufficient information in the file at the present time, to make a finding concerning these allegations. It is the opinion of the Panel, this case should be referred for original jurisdiction consideration so that further information can be requested from the strike force authorities in the New York/New Jersey areas and hopefully further clarification of the overall involvement would be available at that time.

(*See* District Court Record, Doc. No. 8, Ex. 1.)

---

\* Honorable Layn R. Phillips, United States District Judge for the Western District of Oklahoma, sitting by designation.

1. *See* 18 U.S.C. § 3577 (renumbered 3661, effective Nov. 1, 1986); *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949).

2. *See United States v. Fatico,* 579 F.2d 707 (2nd Cir.1978), *on remand,* 458 F.Supp. 388 (E.D.N.Y.), *aff'd,* 603 F.2d 1053 (2nd Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980).

On August 14, 1984, appellant received a Notice of Action indicating that a rehearing had been scheduled to:

discuss information contained in transcript from *Fatico* and letter of August 1, 1984, from Special Attorney Stanley R. Chesler and other relevant material available in the USPC/BOP file.

(*See* District Court Record, Doc. No. 8, Ex. 2.)

On December 19, 1984, the United States Parole Commission afforded appellant a special rehearing. At that hearing, the commission stated:

After consideration of the new information that has been presented by the special attorney [Chesler] as well as the U.S. Attorney in New Jersey, this panel is of the opinion the present offense behavior should be rated as Category Eight severity. The information presented does show that Fiumara was much more involved in organized crime activity which included extortion, racketeering and murder. Information presented indicates that Fiumara was responsible for the murder of 4 persons and that is the basis for the Category Eight recommendation by the panel.

(*See* District Court Record, Doc. No. 8, Ex. 3).

The Panel additionally recommended that the case be referred to the National Commissioners as an original jurisdiction case pursuant to 28 C.F.R. § 2.17(b) (July 1, 1983). (*See* District Court Record, Doc. No. 8, Ex. 3).

Appellant was notified by Notice of Action dated January 14, 1985, that his case had been designated as original jurisdiction and referred to the National Commissioners.

On February 19, 1985, the National Commissioners, after review of appellant's case, issued its Notice of Action ordering that appellant be required to serve the expiration of his sentence. The Commission provided the following reason for its decision:

Your offense behavior has been rated as Category Eight severity because it involved murder, extortion and racketeering. Your Salient Factor Score is 10. You have been in federal custody a total of 68 monhts [sic]. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 100+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision above the base of the guidelines is warranted because of the aggravated nature of your offense behavior; *a preponderance of the evidence shows that you were involved in the murder of 4 people. Additionally, you were a principal in an unusually extensive, sophisticated, on-going criminal enterprise controlling and directing the criminal actions of your co-conspirators. By means of extortion, you controlled the New Jersey waterfront. You are also a more serious risk than indicated by your salient factor score as indicated by your long term commitment to a criminal life style.*

(*See* District Court Record, Doc. No. 8, Ex. 7 (emphasis added)).

As permitted by regulation, Fiumara appealed the foregoing decision to the Commission's National Appeals Board.

The National Appeals Board affirmed the Commission's decision by Notice of Action issued October 31, 1985. (*See* District Court Record, Doc. No. 8, Ex. 9).

After appellant's attempts to have the Parole Commission's decision reversed on the administrative level failed, appellant filed a petition for *habeas corpus* relief on March 27, 1987.

On February 29, 1988, the district court remanded the case to the Parole Commission for rehearing because the Commission did not identify any of the evidence relied on for its decision as required by 18 U.S.C. § 4206 and thus did not comply with the statutory requirements. *Fiumara v. O'Brian,* No. 87–3084, slip op. at 8 (D.C. Kan. Feb. 29, 1988) (Record On Appeal, Doc. No. 16). The district court remanded the case to the Parole Commission with

directions that a rehearing be held within 30 days.

Upon rehearing, the Parole Commission, in a Notice of Action dated May 17, 1988, stated:

After review of all relevant factors and information presented, a decision above the guidelines appears warranted because your offense includes the following murders. The basis of this finding [sic] are: (1) Sentencing hearing proceedings criminal # 78–319, October 2, 1979, U.S. District Court for the District of New Jersey, pages 1440–1450; (2) Letter of August 1, 1984, by Stanley R. Chesler, Special Attorney, Organized Crime and Racketeering Section, Newark Strike Force; and (3) Letter of August 3, 1984, by W. Hunt Dumont, U.S. Attorney, District of New Jersey, Newark, New Jersey.

(*See* District Court Record, No. 87–3084–0, Supp. Vols. I & II, Exs. 11, 12, & *in camera* Ex. A; *see also* Order, No. 88–2532 (10th Cir. May 18, 1989) (granting appellant's petition for rehearing and enlarging record on appeal)).

On September 12, 1988, the district court issued a Memorandum And Order denying appellant's petition for writ of *habeas corpus.* The Court stated:

The court finds no abuse of discretion in the Commission's decision to deny petitioner parole. In categorizing petitioner's offense severity, the Parole Commission considered evidence from three different sources indicating that petitioner had been involved in four murders. The sentencing hearing proceeding, the letter from Special Attorney Stanley R. Chesler, and the letter from U.S. Attorney W. Hunt Dumont all provided corroborating evidence of petitioner's involvement in the murders and *the connection between the murders and the racketeering charge.* (emphasis added).

*Fiumara v. O'Brien,* No. 87–3084–0, slip op. at 5 (D.C.Kan. Sept. 12, 1988) (Record On Appeal, Doc. No. 27). The district court's decision is presently before this Court on appeal.

On appeal, Fiumara's principal claims are that (1) the Parole Commission improperly used the murders to increase appellant's offense severity rating from Category Five to Category Eight, and (2) the Parole Commission's determination that Fiumara was responsible for four murders was arbitrary and capricious.

■ As noted by the district court below, judicial review of Parole Commission determinations is quite limited. The standard is whether the decision is arbitrary and capricious or is an abuse of discretion. *Misasi v. U.S. Parole Comm'n,* 835 F.2d 754, 758 (10th Cir.1987); *Dunn v. U.S. Parole Comm'n,* 818 F.2d 742, 744 (10th Cir.1987); *Dye v. U.S. Parole Comm'n,* 558 F.2d 1376, 1378 (10th Cir.1977); *see generally,* Annotation, *United States Parole Commission Guidelines For Federal Prisoners,* 61 A.L.R. Fed. 135 (1983). Appeal courts may not reweigh evidence, repass on the credibility of reports, or substitute their judgment for that of the Commission. *Dye v. U.S. Parole Comm'n,* 558 F.2d at 1378; *Solomon v. Elsea,* 676 F.2d 282, 290 (7th Cir.1982); *cf. Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985) (even at the heightened standard of clearly erroneous, appellate court may not substitute its judgment, or reweigh evidence that is plausible in light of the record in its entirety).

■ Moreover, the Commission is not limited to the consideration of formally adjudicated crimes, and is entitled to consider information from prosecutors and other parties when making its determinations regarding the release of prisoners. *Christopher v. U.S. Bd. of Parole,* 589 F.2d 924, 932 (7th Cir.1978); 28 C.F.R. § 2.20(d) (July 1, 1983); *see Williams v. New York,* 337 U.S. at 246–47, 69 S.Ct. at 1082–83; *see generally,* Annotation, *Information Considered by United States Parole Commission In Making Determinations Relating To Release On Parole Under § 2 of Parole Commission And Reorganization Act (18 U.S.C.S. §§ 4201 et seq.),* 58 A.L.R.Fed. 911 (1982). Similarly, the Parole Commission is not bound by the trial judge's deci-

sion to not consider evidence of murders when sentencing the defendant. *See Robinson v. Hadden,* 723 F.2d 59, 62–63 (10th Cir.1983), *cert. denied,* 466 U.S. 906, 104 S.Ct. 1684, 80 L.Ed.2d 159 (1984); *Nunez–Guardado v. Hadden,* 722 F.2d 618, 622 (10th Cir.1983).

We find no abuse of discretion in the Commission's decision to deny Fiumara parole. In reaching its decision to increase Fiumara's offense severity, the Parole Commission considered evidence from three different sources. As noted above, these three sources were pages 1440–50 of the October 2, 1979 sentencing hearing transcript, and the letters from two prosecutors, Stanley R. Chesler and W. Hunt Dumont.

Appellant's argument that the Parole Commission improperly increased his severity rating hinges on his claim that there is no relationship between the four murders and the numerous racketeering and extortion charges of which he stands convicted. Both the Parole Commission and the district court below, however, found such a nexus from a review of the three evidentiary sources. Indeed, after reviewing these materials, the district court specifically cited the "connection" between the murders and the racketeering charges as a basis for denying Fiumara's writ. Similarly, appellant's argument that the Parole Commission erred by finding him responsible for the murders turns on an analysis of the same underlying documents.

After careful review of these documents, our analysis confirms that there was no abuse of discretion by the Parole Commission in finding Tino Fiumara responsible, although unconvicted, for four murders.[3] There was sufficient evidence to show that Fiumara was feared because of his violent and ruthless nature, thus providing the nexus between the unconvicted murders and his Hobbs Act and Rico offenses. The

3. The Panel previously entered an Order and Judgment affirming the district court in this case on April 6, 1989. The Panel noted that the evidentiary documents relied on by the Parole Commission, and then the district court, were not designated in the record and therefore could not be reviewed. On May 18, 1989, the Panel

Parole Commission did not abuse its discretion in using the murders to increase Fiumara's offense severity rating from Category Five to Category Eight.

In short, appellant has failed to establish that the Parole Commission's decision denying Fiumara parole was arbitrary and capricious or an abuse of discretion. Accordingly, the Parole Commission's decision is affirmed for substantially the same reasons as set forth in the district court's Memorandum And Order of September 12, 1988.

AFFIRMED.

granted appellant's petition for rehearing and ordered the record enlarged to include these materials which we have now reviewed, including evidence that the district court sealed and filed *in camera.* These materials remain sealed and filed *in camera* before this Court.