Robert Carl EVENSTAD, Petitioner,

v.

UNITED STATES PAROLE
COMMISSION,
Respondent.

No. 90–3397–R.

United States District Court,
D. Kansas.

Jan. 22, 1992.

Robert Carl Evenstad, pro se.

Jackie A. Rapstine, U.S. Attorney's Office, Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner commenced this action while an inmate housed at the United States Penitentiary, Leavenworth, Kansas, challenging the action taken on his case by the United States Parole Commission.

Having examined the record, the court makes the following findings and order.

*Factual Background*

Petitioner was sentenced in March 1978 to a term of fifteen years for armed bank robbery. The sentence was vacated in July 1980, and petitioner entered a plea of guilty to an amended indictment charging bank robbery. He was sentenced to a term of thirteen years on this conviction in October 1980.

As a result of these circumstances, petitioner's file contains two presentence reports, one prepared in March 1978 and one in October 1980. Both reports state that petitioner and another person robbed a Minnesota bank in November 1977. During this robbery, petitioner carried a start-

er pistol and his accomplice used a pellet gun. Petitioner admitted he and his co-defendant committed three other robberies in September 1977.

The March 1978 presentence report states that following petitioner's initial appearance, the St. Louis Park Police reported to the Federal Bureau of Investigation that a hotel manager discovered among petitioner's personal property handcuffs, rubber gloves, a ski mask, newspaper clippings regarding bank robberies, and notes apparently related to robbery plans.

Petitioner's initial parole hearing was conducted in August 1979, before his fifteen year sentence was vacated. The examining panel recommended a presumptive parole date following the service of 68 months, a period near the low end of the suggested guideline range of 64–78 months. This recommendation was based on petitioner's good institutional record. The regional commissioner modified this recommendation to require service of 74 months; however, the National Appeals Board reinstated a presumptive parole date following the service of 68 months.

Petitioner received a second initial hearing following his sentencing in 1980, and in February 1981, the Commission advanced petitioner to a presumptive parole date after the service of 58 months. This decision below the guidelines was deemed appropriate due to petitioner's outstanding institutional adjustment. Petitioner appealed this decision, claiming he should receive more favorable consideration because he used only a starter pistol in each of the four robberies. These appeals were denied.

Petitioner was released on parole in February 1983. In February 1986, the Commission issued a parole violator warrant due to a report that petitioner had failed in January 1986 to meet several conditions of his parole. A supplemental warrant application was issued in March 1986 charging petitioner with the commission of armed bank robbery and leaving the district without permission.

In June 1986, petitioner entered a plea of guilty to bank robbery charges and received a twelve year term. In August 1987, the Commission issued a second supplemental warrant application regarding the conviction of bank robbery.

In June 1989, the Commission conducted a combined revocation/initial hearing in petitioner's case. The following month petitioner was notified of the Commission's decision to take the following action: revoke his parole, credit none of the time spent on parole, commence the unexpired portion of the original sentence upon his release from the new sentence, and continue him to a presumptive parole from both the violator warrant and the new sentence after the service of 84 months.

This action was affirmed on appeal with a statement of modified reasons.

At petitioner's statutory interim hearing in June 1991, his presumptive parole date was advanced six months due to superior program achievement. Petitioner presently has a presumptive parole date of August 19, 1992.

*Scope of Review*

■ The scope of judicial review of decisions made by the Parole Commission is extremely narrow. The United States Court of Appeals for the Tenth Circuit has defined the standard of judicial review of Parole Commission actions as "whether the decision is arbitrary and capricious or is an abuse of discretion." *Nunez–Guardado v. Hadden,* 722 F.2d 618, 620 (10th Cir.1983) (quoting *Dye v. United States Parole Commission,* 558 F.2d 1376, 1378 (10th Cir.1977)). Under this standard of review, a district court has no power to substitute its own discretion for that of the Commission. *Billiteri v. United States Board of Parole,* 541 F.2d 938, 946 (2nd Cir.1976). While the court's review of a decision by the Commission clearly requires an examination of the evidence relied upon by the Commission to support its action, the factual inquiry is narrow.

A court of review need only determine whether the information relied on by the Commission is sufficient to provide a factual basis for its reasons. The inquiry is not whether the Commission's decision is supported by the preponderance of the

evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.

*Misasi v. United States Parole Com'n*, 835 F.2d 754, 758 (10th Cir.1987) (quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982)).

The burden rests on petitioner to show the Commission abused its discretion and that such abuse resulted in an abridgment of petitioner's constitutional rights. *See Billiteri*, 541 F.2d at 943–44.

### DISCUSSION

#### Calculation of Salient Factor Score

█ Petitioner first contends the Commission improperly calculated his salient factor score. Petitioner specifically alleges error in the score of zero assigned to Item D of the Salient Factor Score. Under regulations, this item is to be assigned a score of zero where the inmate's "last release to the community from a prior commitment occurred less than three years prior to the current offense behavior." 28 C.F.R. § 2.20, Salient Factor Scoring Manual, Item D.

Petitioner contends he is entitled to one point on this item and argues the appropriate period to be considered dates back three years from February 14, 1986, the date of his last bank robbery.

Petitioner's argument overlooks his status as a parole violator. Because petitioner is a parole violator, the special instructions set forth in the scoring manual are applicable. These instructions direct the Commission to "count backwards three years from the commencement of the new criminal behavior/*parole violation behavior*." *Id.*, Special Instructions—Federal Parole Violators, Item D (emphasis supplied). Under the instruction cited, the Commission properly considered petitioner's January 1986 parole violations, and

there is no error in the determination that less than three years elapsed between these violations and petitioner's release on parole in February 1983.

#### Applicability of Sentencing Reform Act

█ Petitioner next argues he is entitled to a decision within parole guidelines, asserting the Commission's decision outside the guidelines violates due process and results in an unconstitutional, *ex post facto* application of the law. Petitioner further contends he is entitled to a decision within the guideline range under the law in effect at the time he committed the February 1986 bank robbery.

The Sentencing Reform Act (SRA), Chapter II of the Comprehensive Crime Control Act of 1984, abolished the United States Parole Commission and repealed federal parole statutes in favor of a determinate sentencing scheme employing sentencing guidelines. Section 235 of the 1984 act accomplished this transition by providing a five-year phase out period for the Commission. This five-year period began on November 1, 1987. *Lewis v. Martin*, 880 F.2d 288, 290 (10th Cir.1989).[1]

As originally enacted, the SRA directed the Commission to set release dates for those prisoners who would be in its jurisdiction the day before the Commission's expiration. These release dates were to be "within the range that applies to the prisoner under the applicable parole guideline." Pub.L. No. 98–473, Title II, § 235(b)(3), 98 Stat. 1976, 2032 (1984). This provision was amended by Congress on December 7, 1987, to require the Commission to set release dates "pursuant to section 4206 of Title 18 United States Code." Pub.L. No. 100–182, 101 Stat. 1266 (1987) (amending Pub.L. No. 98–473, Title II, § 235(b)(3), 98 Stat. 1976, 2032 (1984)).

Section 4206, in turn, directs the Commission to make its decisions in light of the parole guidelines set forth at 28 C.F.R. § 2.20. Under the 1987 amendment, section 4206 remains in effect for those prison-

---

**1.** Section 235(b)(3) was again amended on December 1, 1990, to extend the United States Parole Commission for an additional five years to November 1, 1997. See section 235(b)(3), Public Law 98–473, as amended by the Federal Courts Study Committee Implementation Act of 1990, section 316, Public Law 101–650, 104 Stat. 5115.

ers convicted before November 1, 1987, and thus the Commission's authority to set release dates outside parole guidelines for good cause is preserved.[2]

The court finds no error in the Commission's decision to set petitioner's presumptive parole date outside parole guidelines. It is settled that when an inmate will not be actually incarcerated at the time the phase-out period ends, the provisions of § 235(b)(3) are inapplicable to the inmate. It is clear the phase-out period now ends on November 1, 1997. Petitioner is scheduled for release in 1992, and therefore, he will not be within the jurisdiction of the Commission, as that term has been interpreted in the context of § 235(b)(3). *See, e.g., Lewis,* 880 F.2d 288, 291 (10th Cir.1989); *Hackett v. U.S. Parole Com'n,* 851 F.2d 127, 132 (6th Cir.1987); *Romano v. Luther,* 816 F.2d 832, 841 (2nd Cir.1987). *See also,* 28 C.F.R. § 2.64(c). Accordingly, the court finds the provisions of § 235(b)(3) do not apply to petitioner and do not mandate that he receive more favorable consideration for release.

*Failure to Support Decision*

Petitioner next contends the Commission failed to provide an adequate statement of reasons to support its decision in his case. The Commission's notice to petitioner provided the following explanation of its decision:

> Your parole violation has been classified as new criminal conduct of category FIVE severity because it involved bank robbery. Your salient factor score (SFS–81) is 3. You have been in federal confinement as a result of your violation behavior for a total of 40 months. Reparole guidelines indicate a range of 60–72 months to be served before re-release. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because: You are a poorer risk than indicated by your salient factor score in that: You have had two previous convictions for robbery offenses and you were under parole supervision from the last such

conviction when involved in the violation behavior.

This statement of reasons was modified only slightly by the National Appeals Board, which described petitioner as a "more serious" risk rather than a "poorer" one.

■ The appropriate standard for determining whether an explanation for a denial of parole is sufficient to satisfy due process has been described as follows:

> To satisfy minimum due process requirements a statement of reasons should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the [Commission's] decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision ... and the essential facts upon which the [Commission's] inferences are based.

*Solomon v. Elsea,* 676 F.2d 282, 286 (7th Cir.1982), (quoting *United States ex rel. Johnson v. Chairman of New York State Board of Parole,* 500 F.2d 925, 934 (2nd Cir.), *vacated as moot,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974)).

Examining the statement of reasons provided to petitioner in light of this standard, the court finds the explanation presented sets out a sufficient factual basis for the Commission's decision. The statement advises petitioner first, of the Commission's finding that he is a more serious risk than ordinarily associated with an inmate with a salient factor score of three, and second, of the factual bases for this finding, namely, his previous robbery convictions and his parole status at the time of the most recent offense.

*Requirement of Contemporaneous Explanation*

■ Petitioner next asserts the Commission erred in modifying the reasons for the decision above the guidelines when consid-

---

**2.** § 4206(c) states "The Commission may grant or deny release on parole notwithstanding the guidelines ... if ... there is good cause for so doing."

ering his case on appeal. The amendment in question here is the National Appeals Board's finding that petitioner was a "more serious" risk rather than the Regional Commissioner's determination that he was a "poorer" parole risk due to his previous robbery convictions and the commission of another robbery while on parole.

Petitioner correctly cites *Kindred v. Spears*, 894 F.2d 1477 (5th Cir.1990), for the proposition that the Commission's governing statute and regulations require a contemporaneous explanation for the Commission's decisions. However, the minor change in wording effected by the National Appeals Board in petitioner's case falls far short of a violation of this principle. While the Commission is required to provide a statement of explanation for its decisions, it need not exhaustively identify each point in an inmate's record that lends support to its determination. Petitioner is entitled to no relief on this claim.

*Equal Protection Claim/Retaliation Claim*

Petitioner argues the Commission's decision to exceed the guidelines constitutes an equal protection violation and asserts that other inmates in similar circumstances received decisions within the guidelines. He further alleges the decision to exceed the guidelines is a result of vindictiveness on the part of the Commission for petitioner's previous participation in litigation against the Commission and his service as a representative for other inmates.

First, petitioner's argument that others with a similar history have received a decision within guidelines is not persuasive. The law on this point was succinctly stated in *United States ex rel. King v. McGinnis*, 558 F.Supp. 1343, 1348 (N.D.Ill.1983), as follows:

The Constitution does not command the parole board to treat all murderers equally simply because they were convicted of the same crime. The equal protection clause only guarantees an individual or group the right to be free from purposeful or invidious discrimination. (citation omitted).... Absent an allegation that the Board exercised its broad discretion in an intentionally or purposefully discriminatory manner, its more favorable treatment of some convicted murderers does not give rise to an equal protection claim. (citation omitted)

While petitioner has made a broad allegation of a retaliatory motive on the part of the Commission, the court finds no basis to support his claim. Petitioner relies upon *Marshall v. Lansing*, 839 F.2d 933 (3rd Cir.1988). In that decision, the court held, in relevant part, that the imposition of an administrative sanction for misconduct after an inmate successfully appealed the Commission's decision raises an inference of retaliation, where the misconduct sanctioned had been reviewed before the appeal with no punishment imposed. Petitioner's application of this reasoning to his own case is simply erroneous. Petitioner can point to no such incident of a delayed, improper sanction, and nothing in the record before the court reasonably suggests the decision above the guidelines was based upon an improper motive.

*Failure to Use Guidelines as "Fundamental Gauge".*

Petitioner further claims the Commission has failed to use the guidelines as the appropriate standard and instead routinely issues decisions in excess of the guideline range. A review of the relevant statistics, however, belies this claim.

The Commission's statistics reflect that in 1989, the year of petitioner's combined revocation/initial hearing, the Commission issued decisions in initial hearings within guidelines in 90% of its decisions, above guidelines in 7.9%, and below guidelines in 2.2%. In revocation hearings during the same period, the Commission issued decisions within the guidelines in 85.8% of the decisions rendered, above guidelines in 10.2%, and below guidelines in 4%. *Annual Report of the United States Parole Commission, October 1, 1989 to September 30, 1990*, Table IV, p. 11.

These figures do not support petitioner's allegation that decisions are so frequently made above the guidelines that the Commission has, in effect, abrogated the guidelines.

*Failure to Consider Material Submitted by Petitioner*

Petitioner also argues the Commission failed to consider material submitted by him prior to his hearing and thus denied him meaningful consideration at his hearing. He alleges the Commission violated its "principle of parsimony," which provides that a parole decision within the guidelines will generally be in the lower half of the applicable guideline range.

Pursuant to 28 C.F.R. § 2.19(b)(1), the Commission shall consider available, relevant information concerning the prisoner submitted by the prisoner or any interested person. Subsection (2) of this regulation provides that any such submissions "should be received by the Commission no later than the first day of the month preceding the month of the scheduled hearing docket."

Under this regulation, the material submitted by petitioner should have been received by the Commission on May 1 for consideration at petitioner's June 28 hearing. The materials in question, however, were received by the Commission's Regional Office on June 12, 1989. Petitioner further alleges he sent further correspondence dated June 30, 1989, to the Commission shortly after his hearing. This material, however, has not been located.

After considering petitioner's claims in light of the record and the regulatory scheme that governs parole hearings for federal offenders, the court concludes no constitutional error occurred. Petitioner failed to timely submit his materials to the Commission. The correspondence in question is dated June 6, 1989, and should have been received by May 1. Petitioner appeared at his hearing and obviously had an opportunity to be heard by the examining panel. Petitioner has shown no prejudice which might arguably merit relief.

*Abuse of Discretion Claim*

Finally, petitioner claims the decision to exceed the guidelines by twelve months is not supported by good cause as contemplated by 18 U.S.C. § 4206(c) and constitutes an abuse of discretion. At the outset, it must be noted that during the pendency of this action, petitioner's release date has been advanced an additional six months. Accordingly, the court will consider petitioner's arguments in the context of the most recent Commission action.

It is well settled that the Commission must show good cause for a decision to exceed the guidelines. *Castaldo v. United States Parole Commission,* 725 F.2d 94, 96 (10th Cir.1984). Here, as noted earlier, the factors identified by the Commission as supporting a decision above the guidelines are petitioner's history of robbery convictions and his parole status at the time of the most recent offense. Petitioner's record before the court is replete with details of his robbery offenses, and the fact that petitioner committed these offenses with items such as a starter pistol does not detract from the gravity of his conduct. *See McLaughlin v. United States,* 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986); *United States v. Spedalieri,* 910 F.2d 707 (10th Cir.1990). The court finds the Commission's decision to exceed the guidelines is amply supported in light of petitioner's repeated offenses and his status as a parole violator.

## CONCLUSION

For the reasons set forth in this order, the court holds petitioner received constitutionally adequate consideration by the United States Parole Commission. The record in this matter demonstrates a rational basis for the decision reached in petitioner's case, and the Commission's decision is therefore affirmed by this court.

IT IS THEREFORE ORDERED the petition for habeas corpus is denied.