45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nathaniel C. JOHNSON, Petitioner-Appellant,
v.
William PERRILL, Warden, also known as Bill Perrill; United
States parole Commission, Respondents-Appellees.
 No. 94-1095.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Nathaniel C. Johnson, representing himself and proceeding in forma pauperis, appeals from the denial of his habeas petition filed pursuant to 28 U.S.C. 2241. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 We review the denial of habeas relief de novo. Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir.1994). Construing petitioner's brief liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), he requests a transcript of his parole revocation hearing at government expense in order to prepare his appeal, see 28 U.S.C.1915(b). In addition, petitioner moves for appointment of counsel, see id. 1915(d), and an extension of time to file an appellate brief.
 
 
 5
 We decline to order a transcript for petitioner because he fails to demonstrate that his appeal "presents a substantial question." 28 U.S.C. 753(f). Indeed, petitioner does not indicate any factual dispute the transcript would resolve. Even though petitioner is pro se, he is not excused from "alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). "This is so because a pro se [petitioner] requires no special legal training to recount the facts...." Id. Petitioner has failed to demonstrate our need for a transcript of his parole revocation hearing to consider his appeal. Petitioner's motion for appointment of counsel is denied. Whether to appoint counsel is within the sound discretion of the district court. Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir.1991). We have reviewed the magistrate judge's recommendation, petitioner's objections to it, and the district court's order, in light of the record on appeal. We find no reversible error.[2] Therefore, the district court did not abuse its discretion in declining to appoint counsel.
 
 
 6
 Petitioner's motion for an extension of time to file a brief is denied. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We wish to point out and correct three citation errors in the magistrate judge's recommendation: "Fiumara v. O'Brien, 899 F.2d 254, 257 (10th Cir.1989)," R. Vol. I, doc. 17 at 6, should be "Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir.1989), cert. denied, 495 U.S. 958 (1990)"; "28 C.F.R. 2.51-04(b)," id. at 7, should be "28 C.F.R. 2.51(a)(1)"; "Vargas v. United States Parole Commission, 865 F.2d 629, 635 (7th Cir.1982), cert. denied, 459 U.S. 1170 (1983)," id., should be "Vargas v. United States Parole Comm'n, 865 F.2d 191, 194 (9th Cir.1988)" (no subsequent history)