UNITED STATES COURT OF APPEALS
**Filed 12/18/96**
TENTH CIRCUIT

DONALD GENE ROBERTS,

     Petitioner-Appellant,

vs.

J.W. BOOKER, Warden, Florence
Correctional Institution,

     Respondent-Appellee.

No. 96-1231
(D.C. No. 96-B-137)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY, and LUCERO, Circuit Judges.[**]

Mr. Roberts, an inmate appearing pro se and in forma pauperis, appeals from the

dismissal of his habeas corpus petition, 28 U.S.C. § 2241, challenging the decision of the

United States Parole Commission (USPC) to revoke his parole and requiring him to serve

the remainder of his sentence. The parties are familiar with the facts and we need not

restate them here. In his brief on appeal, Mr. Roberts contends that he was denied

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

procedural due process when the same probation officer conducted a preliminary interview concerning both initial and supplemental charges supporting a parole violator warrant. He also contends that the Parole Commission was without jurisdiction to revoke his parole; jurisdiction, he contends, resides in the district court. Construing his briefs liberally, he also challenges the USPC's finding that he possessed a stolen vehicle.

We review legal questions de novo. Mr. Roberts suffered no due process violation when the same probation officer interviewed him concerning both the initial and supplemental charges because the probation officer was not his supervising officer and did not recommend the warrant. We do not read Morrissey v. Brewer, 408 U.S. 471, 486 (1972), to require a different decisionmaker to make probable cause determinations on supplemental charges.

The USPC has jurisdiction because subsequent to the initial phase-out period, its life was extended until November 1, 1997 by title III of the Judicial Improvements Act of 1990, Pub. L. 101-650, § 316, 104 Stat. 5089, 5104, 5115 (1990). See Evenstad v. United States Parole Comm'n, 783 F. Supp. 1297, 1300 n.1(D. Kan. 1992). As for the USPC's ultimate decision which was based upon the finding that Mr. Roberts knowingly possessed a stolen vehicle, we cannot substitute our judgment for that of the USPC. A rational basis exists in the record for the USPC's finding on this point and its ultimate disposition. See Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994). Mr. Roberts was in possession of the stolen vehicle. It was within the province of

the USPC to consider his past involvement with stolen vehicles as indicative of knowledge and to reject his mother's exculpatory statements as not credible. We cannot say that this finding is without some factual support, and when combined with the three initial charges that Mr. Roberts admitted, the USPC's decision that his parole be revoked and he serve the remainder of his sentence was not an abuse of discretion. See Mack v. McCune, 551 F.2d 251, 254 (10th Cir. 1977) (per curiam).

AFFIRMED. The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge