**John KILLIP, Petitioner,**

v.

**Willie SCOTT, et al., Respondents.**

**No. 93–3531–RDR.**

United States District Court,
D. Kansas.

March 7, 1997.

John Killip, Florence, CO, pro se.

D. Brad Bailey, Office of the U.S. Attorney, Topeka, KS, for Willie Scott, U.S. Parole Commission.

### ORDER

ROGERS, Senior District Judge.

This matter is before the court on a petition for writ of habeas corpus, 28 U.S.C. § 2241, filed by a prisoner in federal custody. Having reviewed the petition, respondents' answer and return and addendum thereto,

and petitioner's response to the addendum, the court enters the following findings and order.

Petitioner is serving a 20 year sentence imposed in 1985 for his conviction by a jury for conspiring to participate in a criminal enterprise through racketeering activity (RICO), 18 U.S.C. § 1962.[1] In this habeas action, he claims the United States Parole Commission ("Commission") denied him due process and failed to follow its regulations in deciding petitioner's eligibility for parole.

Documentation in the record discloses the Commission's pre-hearing assessment rated petitioner's offense behavior as a Category Seven for petitioner's involvement in kidnaping and RICO violations. After receiving information of petitioner's involvement in an earlier kidnaping and murder in the State of Arizona, the Commission increased petitioner's offense behavior to Category Eight. Combined with petitioner's salient factor score of five, petitioner's eligibility for parole was set at 150 plus months. Finding no decision outside the guidelines was warranted, the Commission continued petitioner to expiration of his sentence. On appeal, the National Board adjusted the salient factor score to four, but otherwise affirmed all other findings.

Petitioner was indicted on RICO charges based on his criminal conduct in the Outlaws Motorcycle Club from approximately September 1979. The Arizona murder occurred during an earlier kidnaping that was planned and executed by the "NOMAD" chapter of the Rogues Motorcycle Club in an attempt to retrieve club "colors" that had been stolen by members of an Arizona motorcycle club. Petitioner was the president of the NOMAD chapter at the time, and continued to be its leader when it broke from the Rogues Motorcycle Club to join the Outlaws in 1978. Pursuant to a plea agreement, petitioner entered a guilty plea to the Arizona charge of conspiracy to commit murder. The charges of first degree murder, armed burglary, kid-

naping, and attempted armed robbery were dismissed.

Petitioner claims the Arizona murder was not part of the criminal behavior that led to his conviction for RICO violations, and therefore should not have been used in rating the severity of his federal racketeering offenses. Petitioner also claims the Commission failed to give him notice that the Arizona offenses would be used to rate the severity of his offense, and that the Commission failed to provide him with a sufficient statement of reasons for denying parole.

■ Judicial review of the Commission's action is limited to whether its decision was arbitrary or capricious, or an abuse of discretion. *Lewis v. Beeler,* 949 F.2d 325, 331–32 (10th Cir.1991), *cert. denied,* 504 U.S. 922, 112 S.Ct. 1972, 118 L.Ed.2d 572 (1992). The evidence is reviewed only to see if there is a rational factual basis for the Commission's conclusions. *Id.* The Commission is required by both statute and regulation to consider all information that is available and relevant. 18 U.S.C. § 4207; 28 C.F.R. § 2.19.

■ In establishing a prisoner's offense severity category,[2] the Commission may consider any available substantial information provided the prisoner is apprised of the information and afforded an opportunity to respond. 28 C.F.R. § 2.19(c). Although the term "offense behavior" in parole guidelines refers to the conduct for which the prisoner is currently serving his sentence, *Schiselman v. U.S. Parole Comm'n,* 858 F.2d 1232, 1234 (7th Cir.1988), such conduct is broadly construed to encompass the prisoner's actual conduct rather than the conduct supporting the offense for which the prisoner was convicted, *Fiumara v. O'Brien,* 889 F.2d 254 (10th Cir.1989), *cert. denied,* 495 U.S. 958, 110 S.Ct. 2563, 109 L.Ed.2d 746 (1990). Evidence of uncharged behavior may be considered as long as there is a connection between such evidence and the crime with which the prisoner was sentenced. *Lewis v. Beeler,* 949 F.2d at 330.

---

1. *United States v. Killip,* 819 F.2d 1542 (10th Cir.), *cert. denied,* 484 U.S. 987, 108 S.Ct. 505, 98 L.Ed.2d 504 (1987).

2. Parole guidelines employ a grid which combines the offense (severity) and offender (parole prognosis) characteristics to identify the customary range of time to be served before release on parole. 28 C.F.R. § 2.20(b).

Here, petitioner essentially claims the Arizona information was not relevant or connected because the racketeering offenses did not extend to petitioner's activities prior to the formation of the Oklahoma City chapter of the Outlaws Motorcycle Club in 1979.

■ Respondents acknowledge factual error in the Commission's Notice of Action issued by the National Appeal Board to petitioner on July 23, 1991, which stated that "[y]our racketeering influence and corrupt organized activity with the Outlaws Motorcycle Club actually began at least in April 1977." Petitioner points to this mistake as defeating any rational basis for the Commission's decision. *See Montoya v. U.S. Parole Comm'n*, 908 F.2d 635 (10th Cir.1990); *Misasi v. U.S. Parole Comm'n*, 835 F.2d 754, 758 (10th Cir.1987)(holding no rational basis for Commission's decision where reasons are factually incorrect or unsupported by the record).

■ The court is not so persuaded. The Commission has a broad mission "to consider matters related to the charged offense even though they go beyond the charge itself." *Lewis v. Beeler*, 949 F.2d at 330. Documentation in the present record supports the more general finding of petitioner's course of criminal conduct since April 1977 in motorcycle gangs with several of the same individuals, notwithstanding the gang's name and affiliation at the time.

■ If the evidence considered by the Commission is disputed, the dispute is resolved under a preponderance of the evidence standard. 28 C.F.R. § 2.19. Here, the factual accuracy of petitioner's involvement in the Arizona offenses is not challenged, and is clearly verified by petitioner's plea agreement to a charge of conspiracy in the Arizona kidnaping and murder. This evidence is both relevant and substantial to consideration of the severity of petitioner's offense behavior. *See e.g., Augustine v. Brewer*, 821 F.2d 365 (7th Cir.1987) (no abuse of discretion in Commission considering 4 year span of criminal activity even though overt acts of prisoner covered 22 month period); *Sheary v. U.S. Parole Comm'n*, 822 F.2d 556 (5th Cir.1987) (proper for Commission to consider prisoner's 2.5 year drug background in setting offense severity beyond category level indicated by amount of marijuana at time of arrest). Contrary to petitioner's contention, the fact that the prosecutor did not include the Arizona crimes in petitioner's federal prosecution is not dispositive of whether the uncharged conduct is connected to the racketeering offenses for which petitioner was convicted.

Given petitioner's continuous span of leadership in a motorcycle gang that broke from one national club to join another, the court finds ample evidence in the record to establish a rational basis for the Commission's underlying finding that the Arizona offenses were sufficiently related and relevant to the racketeering offenses for which petitioner was convicted.

■ The documentation in the record, including petitioner's administrative appeal to the National Board, lend no support to petitioner's remaining claims that he was denied due process because the Commission failed to follow its regulations. Petitioner claims he was not warned the Arizona offense could be used to rate the severity of his offense, and that the Commission failed to explain why petitioner's involvement in the Arizona murder was considered. However, the Notice of Action issued May 9, 1991, expressly referenced this murder. *See Bowles v. Tennant*, 613 F.2d 776 (9th Cir.1980)(no due process violation where prisoner informed of basis for offense severity ration in "notice of action" after the initial hearing). Moreover, the reasons stated in the written notice were sufficient to satisfy the particularity requirement of 18 U.S.C. § 4206(b). *See Evenstad v. U.S. Parole Comm'n*, 783 F.Supp. 1297 (D.Kan.1992)(Commission's explanation need not exhaustively identify evidence in record that supports its decision); *Marshall v. Lansing*, 839 F.2d 933 (3rd Cir.1988) (conclusory statement of reasons underlying severity index rating sufficient if reasoning apparent from facts of case).

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.