**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

HOWARD PHILLIPS,

     Petitioner-Appellant,

v.

PAGE TRUE, Warden; U.S. PAROLE
COMMISSION,

     Respondents-Appellees.

No. 98-3025
(D. Kan.)
(D.Ct. No. 95-CV-3465)

_____

**ORDER AND JUDGMENT***

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Phillips is a federal inmate and a *pro se* litigant. He filed a petition for a writ of habeas corpus under 28 U.S.C. §2241. The district court dismissed his petition and Mr. Phillips appeals. We affirm the judgment of the district court.

In 1987, Mr. Phillips was sentenced in the United States District Court for the Eastern District of Wisconsin to a term of twenty years imprisonment for aiding and abetting a bank robbery committed with a dangerous weapon. He was paroled in December 1993.

In March 1994, the Parole Commission issued a violator warrant for Mr. Phillips pursuant to his reported arrest on state charges of second degree reckless injury while armed, second degree recklessly endangering safety while armed, and possession of a firearm by a felon. The state charges arose from an incident in which Mr. Phillips allegedly fired a handgun during a domestic argument between his brother and sister-in-law. At least one bullet struck Mr. Phillips' two-year-old niece, causing serious injuries. The Parole Commission later added a charge of unauthorized use of dangerous drugs.

A parole revocation hearing was held in April and continued to August 1994. At this revocation hearing, Mr. Phillips' brother testified that Mr. Phillips

fired several shots into the air during an argument and then fled after it was discovered his niece had been struck by a bullet. Mr. Phillips' sister-in-law gave testimony corroborating these statements. Other testimony was admitted by affidavit which exonerated Mr. Phillips. The Parole Commission chose to credit the testimony that was adverse to Mr. Phillips and, in September 1994, revoked his parole, granted credit for the time spent on parole, and continued Mr. Phillips in confinement to the expiration of his sentence, less good time. The National Appeals Board subsequently affirmed the Commission's ruling.

In December 1994, Mr. Phillips was acquitted of all state charges relating to the shooting of his niece. He then sought either reinstatement to parole or a rehearing. The Commission reopened the case and took additional evidence. The Parole Commission did not change its decision. The National Appeals Board again upheld the Commission's decision.

The district court concluded Mr. Phillips' "acquittal of state criminal charges does not require the Parole Commission to ignore the underlying conduct if it is supported by reasonable grounds." The district court reviewed the record and cited the evidence supporting the Parole Commission's decision. The district court concluded "the Commission's decision is well-supported by the record and

... petitioner is entitled to no relief."

Mr. Phillips appeals, stating the issues as: (1) "Whether Parole Commission used erroneous information to revoke Petitioner's Parole"; and (2) "Abuse of Discretionary Power of the District Court." The gist of Mr. Phillips' first argument is that the testimony of his brother and sister-in-law was "largely self-serving and [was] rebutted by ... live testimony at the re-hearing." Mr. Phillips also complains of the delay following the filing of his habeas petition with the district court and notes he filed for a writ of mandamus with this court requiring the district court to proceed. He asserts his petition for habeas relief "has been reduced to a sham, because the trial court has not acted within reasonable time."

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision to deny habeas relief *de novo*. *Sinclair v. Henman*, 986 F.2d 407, 408 (10th Cir.), *cert. denied*, 510 U.S. 842 (1993). Our case law holds that the Parole Commission's decision to grant or revoke parole will be reversed only if it is arbitrary, capricious or constitutes an abuse of discretion. *See Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1019 (10th Cir. 1994); *Turner v. United States Parole Comm'n*, 934 F.2d 254, 256 (10th Cir.), *cert. denied*, 502 U.S. 885

-4-

(1991). Our inquiry is not whether the Parole Commission's decision is "'supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" *Misasi v. United States Parole* Comm'n, 835 F.2d 754, 758 (10th Cir. 1987) (quoting *Soloman v. Elsea*, 676 F.2d 282, 290 (7th Circuit 1982)). We cannot act as the judges of the credibility of witnesses. *See Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir.) ("Appeal courts may not reweigh evidence, repass on the credibility of reports, or substitute their judgment for that of the Commission."), *cert. denied*, 495 U.S. 958 (1990).

The record contains evidence fully supporting the Commission's decision. Clearly, there is a rational basis in the record for the Commission's conclusions. While it is true there is contrary evidence in the record, which, if believed would operate in favor of Mr. Phillips, we do not have the power to assess the credibility of the witnesses. As to his second claim, Mr. Phillips has failed to show his case was prejudiced by the district court's delay. For these reasons, Mr. Phillips' arguments lack merit and we **AFFIRM** the decision of the district court.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-5-