**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILSON TONY HARRELL,

  Petitioner-Appellant,

v.

A.M. FLOWERS; UNITED STATES
PAROLE COMMISSION,

  Respondents-Appellees.

No. 99-6153

(D.C. No. 98-CV-741-T)
(W.D.Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, KELLY**  and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Wilson Tony Harrell appeals the district court's denial of his 28 U.S.C. § 2241 application for habeas corpus. We affirm.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Harrell is serving concurrent sentences for multiple drug and RICO convictions. His initial parole hearing was conducted in July 1992 and the Parole Commission ordered that he continue to the expiration of his sentence. Harrell was scheduled for an interim hearing in 1994 but, before the hearing was conducted, the Commission was advised of a new consecutive sentence for use of a telephone to facilitate a marijuana conspiracy. As a result, in August 1994, the Commission recommended no change in the decision that Harrell continue to the expiration of his sentence. Harrell did not appeal these decisions to the National Appeals Board.

Harrell sought to reopen his case in October 1997, alleging new evidence showed the information relied upon by the Commission was erroneous. An interim hearing was held in November 1997. The hearing examiner reviewed the evidence submitted by Harrell and found there was no new information and that the information did not exonerate him of being an integral part of the Outlaws Motorcycle Club. The Commission recommended no change in the decision that Harrell continue to the expiration of his sentence. Harrell appealed to the National Appeals Board, but the Board found Harrell's evidence was not new and did not justify a change in the Commission's decision.

In May 1998, Harrell filed his § 2241 habeas petition, alleging the Commission (1) acted arbitrarily and capriciously in determining his offense

severity rating; (2) did not follow the proper procedure in denying his request to reopen his case; (3) incorrectly found he presented no information to justify a change in the previous decision; and (4) erred in denying parole notwithstanding the guidelines. The magistrate judge found no abuse of discretion in the decision to deny parole and recommended that the habeas petition be denied. The district court adopted the magistrate's report and recommendation, granted respondents' motion to dismiss, and denied Harrell's § 2241 petition.

We review the district court's decision to deny habeas relief de novo, but accept any findings of fact made by the court unless they are clearly erroneous. Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995). The Commission's decision should not be disturbed unless there is a clear showing of arbitrary and capricious action or an abuse of discretion. Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir. 1987). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Id.

Harrell's arguments center on his contention that the Commission determined his offense severity ranking and denied parole based on incorrect information. He alleges the Commission failed to consider new evidence that

proved the prior information was erroneous. The summary from the November 1997 hearing details all of Harrell's "new" evidence and his allegations of erroneous information. The Commission reviewed the information and considered it in its recommendation, but did not believe it was sufficient to change its decision. The Appeals Board found the evidence was not new and concluded Harrell was merely rearguing his convictions.

Whether the "new" evidence warranted a change in Harrell's severity offense level and parole status involved a credibility determination. We do not reweigh the evidence, redetermine the credibility of reports, or substitute our judgment for that of the Commission. See Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir. 1989). We find no evidence in the record that the Commission or the Appeals Board acted arbitrarily and capriciously or abused their discretion in determining Harrell's offense level and denying him parole.

We DENY Harrell's application for a certificate of appealability as moot. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997). The district court's denial of Harrell's 28 U.S.C. § 2241 petition is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge