Edward DUNN, a/k/a James Pardue, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, et al., Respondents.

No. 83–3166.

United States District Court, D. Kansas.

Feb. 28, 1986.

Edward Dunn, pro se.

Frederick Ward/Martha J. Coffman-Gallagher, Kansas Defender Project, Lawrence, Kan., for petitioner.

Kurt Shernuk, Asst. U.S. Atty., Topeka, Kan., for respondents.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been remanded to this court from the United States Court of Appeals for the Tenth Circuit on the issue of "whether consideration by the [United States Parole] Commission of conduct which culminated in acquittal by reason of insanity violates 28 C.F.R. § 2.19(c)." The court having examined the record, having held an evidentiary hearing on October 30, 1985, and having requested supplemental briefs from both parties, now makes the following findings and order.

■ "The standard of review of action by the Parole Commission is whether the decision is arbitrary and capricious or is an abuse of discretion." *Dye v. United States Parole Commission,* 558 F.2d 1376, 1378 (10th Cir.1977). Furthermore, the burden is on petitioner to show that the Commission abused its discretion resulting in an abridgement of petitioner's constitutional rights. *See Billiteri v. United States Board of Parole,* 541 F.2d 938, 943–44 (2d Cir.1976). Petitioner must demonstrate to this court that the Parole Commission has acted in such a manner as to abuse its broad discretionary powers. Without a showing of such abuse, petitioner's petition will be denied. *See Loch v. Keohane,* No. 79–1206 (10th Cir., *unpublished,* Nov. 27, 1979).

The former 28 C.F.R. § 2.19(c) (1979) provides in part that "the Commission shall not consider in any determination, charges upon which a prisoner was found not guilty after trial" unless reliable information is presented that was not introduced into evidence at such trial (e.g., a subsequent admission or other clear indication of guilt).

Petitioner contends that the 1979 guidelines under section 2.19(c) should have been applied, rather than the 1984 guidelines in violation of the ex post facto clause of the United States Constitution. By using the 1979 guidelines, petitioner contends that his not guilty by reason of insanity acquittal would not be taken into account. The 1984 guidelines clearly provide that the Commission may take into consideration petitioner's acquittal, if "[t]he prisoner was found not guilty by reason of his mental condition." 28 C.F.R. § 2.19(c)(2). However, petitioner has failed to show that the application of the latter section 2.19(c) violated the ex post facto clause by being both retroactive and disadvantageous. *See Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

■ The ex post facto clause is not violated when the guidelines are instituted for purposes of clarification of administrative authority and discretion by the Commission. *See DiNapoli v. Northeast Regional*

*Parole Commission,* 764 F.2d 143 (2d Cir. 1985); *Smaldone v. United States,* 458 F.Supp. 1000 (D.Kan.1978). The court finds that regardless of whether the Commission applied the 1979 or 1984 guidelines, the Commission properly considered petitioner's insanity acquittal. The 1979 section 2.19(c) provided an exception to admitting acquittals when there was reliable information not introduced at trial. In the case at hand, there appears to be no question that he committed the offense, but he does not possess the criminal intent to be held liable for his actions. The court finds that the 1984 section 2.19(c) does not alter the original intent of this section, but merely clarifies it.

■ Furthermore, even if the Commission was not able to consider the acquittal under section 2.19(c) (1979), clearly the Commission is authorized to consider the acquittal under 18 U.S.C. § 4206. Section 4206 provides in part:

§ 4206 Parole determination criteria

(a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law, and

(2) that release would not jeopardize the public welfare....

Under either (1) or (2), the Commission is not only authorized, but also obligated, to consider anything which might demonstrate "disrespect for the law" or "jeopardize public welfare" and an acquittal based on insanity could fall within either of these categories. By analogy, the Parole Commission may consider an acquittal by reason of insanity for purposes of revoking parole on the basis of new criminal conduct. *See Knight v. Estelle,* 501 F.2d 963 (5th Cir.1974), *cert. denied,* 421 U.S. 1000, 95 S.Ct. 2399, 44 L.Ed.2d 668 (1975); *Steinberg v. Police Court of Albany, New York,* 610 F.2d 449 (6th Cir.1979).

■ The court further finds that the Parole Commission is granted the authority to amend guidelines such as section 2.19(c). Pursuant to 18 U.S.C. § 4202, the Commission is founded and granted with the authority to deny and revoke parole, impose conditions (18 U.S.C. § 4203(b)) and may formulate guidelines for purposes of granting or denying parole. Section 2.19(c) clearly pertains to the purpose of granting or denying parole. As stated earlier, 18 U.S.C. § 4206, in addition to section 2.19(c), provides the Commission with a more encompassing criteria for determining parole eligibility.

For the above mentioned reasons and the record before this court, this court finds that petitioner has failed to state any reasons justifying relief and this petition should be denied.

IT IS THEREFORE ORDERED that this petition for writ of habeas corpus be dismissed and all relief denied. The clerk of this court is directed to transmit a copy of this Memorandum and Order to petitioner, the Kansas University Defender Project, and the office of the United States Attorney.