**Edward DUNN, a/k/a James Pardue, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, R.T. Mulcrone, Regional Commissioner, U.S. Parole Commission, K.C., Mo., Respondents-Appellees.**

**No. 86–1435.**

United States Court of Appeals, Tenth Circuit.

May 14, 1987.
Rehearing Denied Aug. 6, 1987.

Edward Dunn, pro se.

Before McKAY and SEYMOUR, Circuit Judges, and SAM, District Judge.*

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

Edward Dunn (petitioner) appeals the district court's decision denying his petition for writ of habeas corpus. Petitioner challenged a ruling by the United States Parole Commission setting petitioner's presumptive parole date at December 28, 1989, 630 F.Supp. 795. The hearing panel which initially considered petitioner's current application set petitioner's presumptive parole at April 29, 1985. The Regional Commissioner, however, referred this recommendation to the National Commissioners for reconsideration. The National Commissioners reopened the case and retarded petitioner's parole, relying on a murder charge for

---

* The Honorable David Sam, United States District Judge for the District of Utah, sitting by designation.

which petitioner was acquitted by reason of insanity. The National Commissioners explained, "After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a more serious risk than indicated by your salient factor score in that you have a history of serious assaultive behavior, including murder for which you were found not guilty by reason of insanity." The Appeals Board affirmed.

■ We first consider whether the district court had subject-matter jurisdiction over the petition for writ of habeas corpus. The Second Circuit has held that while habeas corpus is the sole vehicle for challenging a parole decision, a district court does not have subject-matter jurisdiction over the Parole Commission under 28 U.S.C. § 2241 because the Commission is not the petitioner's "custodian." *Billiteri v. United States Bd. of Parole,* 541 F.2d 938 (2d Cir.1976). Instead, under the Second Circuit's reasoning, a prisoner challenging a parole decision must name his warden in his petition.

The Supreme Court has made clear, however, that the person named as "custodian" in a habeas corpus petition and the place of a petitioner's "custody" are not always subject to a literal interpretation. In *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), an Alabama prisoner challenged Kentucky's lodging of a detainer against him. While the precise issue before the court was the choice of forum for a prisoner challenging an interstate detainer by way of federal habeas corpus, the Court addressed the issue of petitioner's "custodian" by implication in holding that the prisoner should proceed in Kentucky. "In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer." *Id.* at 498–99, 93 S.Ct. at 1131–32.

Although the Leavenworth warden cannot be said to be indifferent to the resolution of Mr. Dunn's challenge, only in the most formal sense does he control whether Mr. Dunn is released. Rather, just as Kentucky controlled the duration of confinement in *Braden* and Alabama merely acted as Kentucky's agent, so does the Commission directly control whether Mr. Dunn remains in custody.

"So long as the petitioner names as respondent a person or entity with power to release him, there is no reason to avoid reaching the merits of his petition." *Lee v. United States,* 501 F.2d 494, 502–03 (8th Cir.1974) (Webster, J. concurring) (citing Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1168 (1970)). We agree. Notwithstanding the Second Circuit's view, this court holds that under the circumstances of this case the Parole Commission may be considered petitioner's "custodian" for purposes of a challenge to a parole decision under 28 U.S.C. § 2241.

On the merits, petitioner argues that the Commission cannot consider his insanity acquittal in setting his parole date. The Commission amended its regulations in 1984 specifically to permit consideration of an acquittal by reason of insanity. *See* 49 Fed.Reg. 34207 (August 29, 1984) (codified at 28 C.F.R. § 2.19(c)(2)). The current version of § 2.19(c) states that "the Commission shall not consider in any determination, charges upon which a prisoner was found not guilty after trial *unless ... [t]he prisoner was found not guilty by reason of his mental condition.*" (emphasis added). Petitioner argues that the Commission does not have the statutory authority to promulgate this amended regulation and that even if the Commission may currently consider such an acquittal as a factor in its decision, the change in its regulations in 1984, if given retroactive effect, violates the Constitution's prohibition against ex post facto laws.

"The standard of review of action by the Parole Commission is whether the decision is arbitrary and capricious or is an abuse of discretion." *Dye v. United States Parole Comm'n,* 558 F.2d 1376, 1378 (10th Cir. 1977). Although the Commission's guidelines are flexible and are not absolutely binding in any parole decision, the Commission must have "good cause" for setting

parole eligibility beyond the guidelines. 18 U.S.C. § 4206(c). In establishing good cause, the Commission may not rely on reasons that are outside the scope of its authority to consider. *Joost v. United States Parole Comm'n,* 698 F.2d 418 (10th Cir.1983). Finally, if the Commission goes beyond the guidelines, the prisoner must be "furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. § 4206(c).

■ In making a parole decision under 18 U.S.C. § 4206(a), the Commission considers whether a prisoner's "release would ... depreciate the seriousness of [the prisoner's] offense or promote disrespect for the law; and ... [whether] that release would ... jeopardize the public welfare." This court substantially agrees with the district court that in deciding whether a prisoner's release will jeopardize public welfare, the Commission may consider an insanity acquittal as evidence of mental instability giving rise to assaultive behavior. In such a context, the prisoner's culpability is not an issue. *See Steinberg v. Police Court,* 610 F.2d 449 (6th Cir.1979); *Knight v. Estelle,* 501 F.2d 963 (5th Cir.1974), *cert. denied,* 421 U.S. 1000, 95 S.Ct. 2399, 44 L.Ed.2d 668 (1975).

Where, however, the Commission considers the acquittal only in terms of whether the prisoner's release would encourage disrespect for the law or depreciate the seriousness of his offense, the Commission exceeds its authority. In Missouri, where petitioner was tried, an insanity acquittal is equivalent to a finding that the defendant was "incapable of understanding that the particular act in question was a violation of the law of God and of society." *State v. Johnson,* 485 S.W.2d 106, 113–14 (Mo. 1972). For the Commission to decide wholly on its own that a prisoner should remain incarcerated so that he may respect the law and appreciate the seriousness of an act he committed while insane goes behind the jury's verdict to punish a prisoner for an act for which he was not culpable. *See Little v. Hadden,* 504 F.Supp. 558 (D.Colo. 1980).

■ The Commission ostensibly based its decision on parole risk. The record before us and the reasons the Commission has provided for its decision, however, make clear that the use of the insanity acquittal in calculating petitioner's presumptive parole date was based solely on punitive considerations. The record reflects no evidence to support a finding of parole risk based on current mental illness. Indeed, the record reflects a favorable initial recommendation by the hearing panel based on exemplary institutional adjustment and a conclusion by the prison staff psychologist that petitioner is not mentally ill. The Commission's reliance on an insanity acquittal arising from events occurring approximately eighteen years ago to retard petitioner's parole date was thus arbitrary and capricious and an abuse of discretion. *See Dye, supra.* We therefore reverse the district court's decision and remand with instructions to remand to the Commission to hold a new parole hearing to consider only permissible factors with support in the record in setting petitioner's parole date. The Commission must hold a new hearing for petitioner within thirty days of the date of this opinion or release him.

We note that the Commission held an interim hearing during the pendency of this appeal at which the Commission continued petitioner to the expiration of his sentence. The Commission utilized identical reasoning in denying petitioner's parole after the interim hearing. This parole determination thus has no effect on our decision in this case.

Petitioner next argues that the insanity acquittal in his record cannot be considered by the Commission because the amendment promulgated explicitly to permit consideration of this factor violates the ex post facto clause of the Constitution if applied retroactively. Because we hold that in this case the Commission abused its discretion in relying on the insanity acquittal in petitioner's record, we need not address whether the use of insanity acquittals would violate the ex post facto clause.

The judgment of the United States District Court for the District of Kansas is

REVERSED, and this case is REMANDED to the district court with instructions to remand to the United States Parole Commission for proceedings consistent herewith.

The mandate shall issue forthwith.