68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William MITCHELL, Petitioner-Appellant,
v.
Bill STORY,[1] Respondent-Appellee.
 No. 95-1297.
(D.C.No. 95-S-735).
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1995.
 
 ORDER AND JUDGMENT[2]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[3]
 
 BALDOCK
 
 1
 After exhausting his administrative remedies, Petitioner William Mitchell filed a 28 U.S.C. 2241 petition for writ of habeas corpus in the district court asserting the Bureau of Prisons ("BOP") erred in calculating his sentence. The district court dismissed Petitioner's 2241 petition upon the magistrate's recommendation. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.[4]
 
 
 2
 On November 15, 1988, Florida law enforcement officials arrested Petitioner in connection with a bank robbery in Vero Beach, Florida. On December 13, 1988, federal officials took custody of Petitioner. Petitioner has remained in exclusive federal custody since that date.
 
 
 3
 On February 12, 1990, Petitioner was convicted of armed bank robbery and attempted escape in the United States District Court for the Southern District of Florida ("Florida district court"). On the same day, the Florida district court sentenced Petitioner to 57 months imprisonment and five years supervised release. In its Judgment and Sentence order, the Florida district court "hereby committed" Petitioner to the custody of the BOP and remanded Petitioner to the custody of the United States Marshal.
 
 
 4
 On February 27, 1990, Petitioner was removed from the Southern District of Florida to the Western District of Washington under a writ of habeas corpus ad prosequendum. On November 30, 1990, Petitioner was convicted of armed bank robbery and use of a firearm during a crime of violence in the United States District Court for the Western District of Washington ("Washington district court"). On December 13, 1990, the Washington district court sentenced Petitioner to an aggregate term of 207 months imprisonment and five years supervised release. The Washington district court ordered the 207-month term to run concurrently with the 57-month term imposed by the Florida district court. On December 21, 1990, federal officials delivered Petitioner to the United States Penitentiary in Lompoc, California ("USP-Lompoc") to begin service of his sentences.
 
 
 5
 As part of Petitioner's Judgment and Commitment file, the BOP furnished Sentence Monitoring Computation Data reflecting the BOP's calculations of Petitioner's total term of imprisonment and projected release date. The data reflected that the BOP calculated Petitioner's total term of imprisonment using a computation start date of February 12, 1990. The BOP awarded Petitioner a 454-day credit on his aggregate sentence, for the period of November 15, 1988 through February 11, 1990--i.e., Petitioner's pre-sentence confinement period. After factoring in Petitioner's pre-sentence credit and good time credits, the BOP computed Petitioner's projected release date from his concurrent 57-month and 207-month sentences as October 16, 2004.
 
 
 6
 In August 1994, Petitioner filed a Request for Administrative Remedy with officials at the United States Penitentiary, Marion, Illinois ("USP-Marion"). Petitioner requested the BOP award him sentence credit for the period of November 15, 1988 through December 1990. USP-Marion Warden Michael Cooksey responded that Petitioner had already been awarded sentence credit for his pre-sentence confinement period from November 15, 1988 to February 11, 1990. Warden Cooksey explained, however, that Petitioner could not receive sentence credit for confinement after his February 12, 1990 sentence date.
 
 
 7
 Petitioner filed a regional administrative appeal, challenging Warden Cooksey's denial of sentence credit after February 12, 1990. The regional director upheld Warden Cooksey's decision, concluding: "[a]pplying prior custody credit subsequent to sentencing of February 12, 1990 would not be appropriate since you were earning credit toward the 207 month aggregate sentence after that date. If the intent of your complaint was to receive double credit for this time period your request is denied." Petitioner filed a central office appeal, which was also denied.
 
 
 8
 After exhausting his administrative remedies, Petitioner filed the instant 28 U.S.C. 2241 petition for writ of habeas corpus in the United States District Court for the District of Colorado.[5] In his 2241 petition, Petitioner contended the BOP erred by fixing his sentence computation date as February 12, 1990. Petitioner maintained his 57-month and 207-month sentences did not begin until he was actually delivered by federal officials to USP-Lompoc on December 21, 1990. Because his sentences allegedly began December 21, 1990, Petitioner argued he was entitled to sentence credit from November 15, 1988 to December 20, 1990.
 
 
 9
 The district court referred the case to a magistrate judge. The magistrate judge reviewed Petitioner's 2241 petition and recommended the petition be dismissed. The magistrate judge concluded the BOP correctly determined that Petitioner's
 
 
 10
 57-month sentence began on February 12, 1990 because Petitioner was remanded on that day to the custody of the United States Marshal to await transfer to a detention facility. See 18 U.S.C. 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served."). The magistrate judge concluded the BOP awarded Petitioner pre-sentence confinement credit against his 57-month sentence for the period between November 15, 1988 and February 11, 1990. The magistrate concluded Petitioner was not entitled to receive that same credit a second time against his aggregate 207-month sentence. See 18 U.S.C. 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date his sentence commences ... that has not been credited against another sentence.").
 
 
 11
 On de novo review of the magistrate's recommendation, the district court concluded the BOP correctly computed Petitioner's sentence and awarded him the proper amount of sentence credit under 18 U.S.C. 3585(a), (b). The district court adopted the magistrate's recommendation and dismissed Petitioner's 2241 petition. This appeal followed.
 
 
 12
 On appeal, Petitioner contends the district court erred by dismissing his 2241 petition. Specifically, Petitioner asserts the BOP incorrectly computed his sentence based upon the wrong starting date and thereby applied insufficient credit against his aggregate 207 month sentence. Petitioner contends he is entitled to a sentence credit for the period from November 15, 1988 to December 20, 1990. We have reviewed the parties' pleadings and briefs, the magistrate's recommendation, the district court's order, and the entire record on appeal. In addition to the reasons set forth by the magistrate judge and the district court, we note that to the extent Petitioner requests sentence credit for the period from February 12, 1990 to December 20, 1990, the record reflects the BOP has credited Petitioner for that confinement in its calculation of Petitioner's total sentence of imprisonment and has factored that time into Petitioner's projected release date. See Doc. 11, exh. D at 3; exh. E at 5-6 (Petitioner not entitled to credit after February 12, 1990 because he was "earning credit toward the 207 month aggregate sentence after that date."). Accordingly, Petitioner has received all the sentence credit to which he is entitled. Based upon our review of the record, we find no reversible error and we affirm.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 We hereby grant the government's motion to substitute Bill Story in place of Michael Cooksey as the respondent in the instant action. Fed. R.App. P. 43(b); see infra note 2
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [4]
 We grant Petitioner's motion to proceed in forma pauperis in this appeal
 
 
 [5]
 Because he was confined in Marion, Illinois, at USP-Marion, Petitioner initially filed his 2241 petition in the United States District Court for the Southern District of Illinois and named as respondent Michael Cookey, Warden at USP-Marion. On March 15, 1995, Petitioner was transferred to the United States Penitentiary, Florence, Colorado ("USP-Florence"). On March 28, 1995, the Illinois district court entered an order transferring Petitioner's habeas corpus action to the United States District Court for the District of Colorado ("Colorado district court"). In its response to Petitioner's 2241 petition, the government requested the Colorado district court substitute Bill Story, Warden at USP-Florence, as respondent. The district court took no action on the government's request
 On appeal, the government renews its request to substitute Bill Story as the respondent in this action. Because Petitioner is currently confined in Colorado at USP-Florence and because his habeas corpus action has been transferred to the Colorado district court, USP-Florence Warden Bill Story is the proper respondent. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973) (writ of habeas corpus acts upon the person holding the prisoner; thus, the court issuing the writ must have jurisdiction over the person holding the prisoner); Dunn v. U.S. Parole Comm'n, 818 F.2d 742, 744 (10th Cir.1987) ("So long as the petitioner names as respondent a person or entity with power to release him, there is no reason to avoid reaching the merits of his petition."). We therefore grant the government's motion to substitute Warden Story as respondent in the instant action.