**Joseph Anthony BENNETT, Petitioner–Appellant/Cross–Appellee,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent–Appellee/Cross–Appellant.**

Nos. 94–1416, 94–1496.

United States Court of Appeals, Tenth Circuit.

April 30, 1996.

Michael G. Katz, Federal Public Defender, and James P. Moran, Assistant Federal Public Defender, Denver, Colorado, for Petitioner–Appellant/Cross–Appellee.

Henry L. Solano, United States Attorney, and Charlotte J. Mapes, Assistant U.S. Attorney, Denver, Colorado, for Respondent–Appellee/Cross–Appellant.

Before PORFILIO and LOGAN, Circuit Judges, and O'CONNOR,* District Judge.

LOGAN, Circuit Judge.

Petitioner Joseph A. Bennett is a United States citizen who pleaded guilty in Mexico in 1989 to charges of transporting cocaine. The Mexican court sentenced him to a nine-year prison term. Soon thereafter he was transferred to the United States Federal Correction Institute (FCI) in LaTuna, Texas, under a treaty with Mexico, Treaty on Execution of Penal Sentences, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7399. During petitioner's incarceration there the United States Parole Commission (Commission) held a hearing as required by 28 U.S.C. § 4106A(b)(1)(A) to "determine a release date and a period and conditions of supervised release ... as though the offender were convicted in a United States district court of a similar offense." Finding that his Mexican conviction most resembled a violation 21 U.S.C. § 841(b)(1)(D), the Commission calculated an offense level and criminal history category resulting in a guideline range of 120 to 150 months, followed by a three to five year period of supervised release. It then ruled as follows: "[I]t is ordered the transferee be released on upon

---

* The Honorable Earl E. O'Connor, Senior United States District Judge, United States District Court for the District of Kansas, sitting by designation.

[sic] expiration of the 9 year 'Republic of Mexico sentence.... It is further ordered the transferee, immediately upon discharge from the period of incarceration, serve a term of supervised release until expiration of Full Term." I R. doc. 13 ex. A. Petitioner appealed this order to the Fifth Circuit, challenging only his criminal history calculation. That court affirmed without opinion. *Id.* doc. 13 ex. C; *Bennett v. U.S. Parole Comm'n,* 924 F.2d 1055 (5th Cir.1991) (Table).[1]

Petitioner was later transferred to FCI Florence, Colorado, where he filed the instant 28 U.S.C. § 2241 habeas petition contending his sentence was imposed in an illegal manner. The district court treated as supplemental his amended petition charging that the Commission "Improperly Characterized it's actions in such a way as to foreclose application of Service Credits to the Petitioner's Sentence." I R. doc. 21. The district court ruled that it had no jurisdiction to overturn the Fifth Circuit's decision affirming the Commission's setting of a nine-year expiration period on the Mexican sentence. The district court found jurisdiction, however, to the extent the Commission order attempted to preclude application of earned credits toward his sentence and imposed a term of supervised release. *Id.* doc. 40 at 4. It ordered that the Bureau of Prisons (BOP) could not add a supervised release term to petitioner's sentence, *id.* doc. 42, and ordered the BOP and the warden at FCI Florence to "give credit of up to fifty-four days per year on his term of imprisonment and sentence, when satisfactory behavior service is granted by the BOP." *Id.* doc. 40 at 5. This disposition was unsatisfactory to both petitioner and the Commission, each of whom has appealed. Both raise jurisdictional arguments: petitioner that the district court had jurisdiction to review the Commission's sentence determination; the Commission that the district court had no jurisdiction to set aside the Commission's supervised release term or to order the service credits.

Everyone concerned construes the Commission order, correctly we believe, to direct that petitioner be incarcerated for a total of 108 months (nine years) less any credits earned during his incarceration in Mexico or earned as an inmate in the U.S. federal prison system. They agree that this will likely result in petitioner's release from confinement, if the Commission's order is upheld, after approximately eighty-nine months, leaving about nineteen months to be served under supervised release. The combination of prison time and supervised release would total the 108–month Mexican sentence.

We understand petitioner's argument to be that the Commission was required, under the applicable guidelines, to order a supervised release term of at least three years. Thus, the Commission should have set the release date to be at the end of six years incarceration, with the remaining three years on supervised release. Petitioner further contends that he is entitled to a reduction from the six years imprisonment for the credits he has earned and will earn, and any reduction cannot increase his supervised release time beyond the three years. Therefore, with earned good time credits he should be free of prison and supervised release before the end of 108 months. The way the Commission framed its order, however, earned credits would simply secure petitioner's release from prison but would not shorten his term below 108 months because of the order's requirement he be under supervised release until the end of the "Full Term."

If the instant case were a direct appeal of the Commission's order properly before this court, petitioner might be entitled to some relief. *See Trevino–Casares v. U.S. Parole Comm'n,* 992 F.2d 1068 (10th Cir.1993). But this is a collateral attack on an order that has already been affirmed in the Fifth Circuit, the court to which it was properly appealed. *See* 18 U.S.C. § 4601A(b)(2)(A) (Commission's determinations "may be appealed to the United States court of appeals for the circuit in which the offender is imprisoned at the time of the determination of such Commission"). The Commission asserts that only

---

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

the Fifth Circuit has jurisdiction to consider petitioner's claims, and that even then principles of claim preclusion forbid revisiting the order. Although petitioner did not raise in his direct appeal the issues he asserts in his current action, the Commission argues that he is barred from raising the new issues on collateral attack unless he can show cause for procedural default, *see United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994); and petitioner makes no attempt to establish cause for that procedural default.

■ Petitioner makes various arguments that this court has jurisdiction to consider his claims. First, he contends that the Commission imposed an illegal sentence and illegal sentences are subject to collateral attack under 28 U.S.C. § 2255. Of course, that section requires attacks on federal sentences be made in the sentencing jurisdiction, here the Fifth Circuit. Petitioner argues that he is not challenging a sentence imposed by a district court but one of the Parole Commission, whose release decisions are challenged through habeas proceedings in the jurisdiction in which the prisoner is incarcerated. *See Dunn v. U.S. Parole Comm'n,* 818 F.2d 742, 744 (10th Cir.1987). Although that is true for the ordinary case—because the custodian warden is the proper named defendant—the instant situation is different. Here the Commission acts "as though the offender were convicted in a United States district court," 18 U.S.C. § 4106A(b)(1)(A). We recognized in *Trevino–Casares* that under § 4106A the Commission translates the foreign sentence into what is in reality a "sentence" comparable to that for a domestic offender convicted of a similar offense.

> Accordingly, even though the statute speaks of the Commission's determination as the specification of "a release date and a period and conditions of supervised release," § 4106A(b)(1)(A), it is in procedure, substance, and effect tantamount to the imposition of a federal sentence, and it should, for all practical purposes, be treated as such.

992 F.2d at 1069 (footnote omitted).

■ Of course, 28 U.S.C. § 2255 contemplates filing a motion to correct sentence in "the court" that imposed the sentence. Here

the Commission, not a court, imposed the "sentence." The Commission, however, has procedures for reopening and reconsidering its orders. *See* 28 C.F.R. § 2.62(k). Thus, we hold that the district court correctly held it lacked jurisdiction over petitioner's collateral attack on the Commission's order.

■ Petitioner's second argument is that he is not challenging his sentence as such but the denial of the credits he earned or will earn toward the calculation of his sentence, and this is not part of the Commission's § 4106A determination. He argues that a transfer treaty prisoner can challenge the calculation of these credits in a habeas action in the jurisdiction in which he is confined. That is true if petitioner's characterization of the dispute is correct. *Trevino–Casares,* 992 F.2d at 1070; *Ajala v. U.S. Parole Comm'n,* 997 F.2d 651, 655–56 (9th Cir.1993). In the event of a dispute over the calculation or application of credits by the BOP, the district court has jurisdiction to review that determination if petitioner has exhausted administrative remedies.

■ The problem here is that the Fifth Circuit, where the Commission's order was reviewed, requires the Commission to make the determinations at issue in the instant case as part of its initial order under § 4106A. *Cannon v. U.S. Dep't of Justice,* 973 F.2d 1190, 1195–96 (5th Cir.1992), *cert. denied,* 508 U.S. 915, 113 S.Ct. 2354, 124 L.Ed.2d 262 (1993). This is a different approach from that of the Tenth and Ninth Circuits as *Trevino–Casares,* 992 F.2d at 1073, and *Ajala,* 997 F.2d at 655, expressly recognized. Further, there are Fifth Circuit cases directly in point on each of petitioner's contentions. *Molano–Garza v. U.S. Parole Comm'n,* 965 F.2d 20, 25 (5th Cir.1992), *cert. denied,* 506 U.S. 1065, 113 S.Ct. 1009, 122 L.Ed.2d 158 (1993), held specifically that the Commission does not have to impose the statutory minimum period of supervised release found in 21 U.S.C. § 841(b)(1)(C). *Thorpe v. U.S. Parole Comm'n,* 902 F.2d 291, 292 (5th Cir.), *cert. denied,* 498 U.S. 868, 111 S.Ct. 185, 112 L.Ed.2d 148 (1990), upheld a Commission order substantially identical to that involved here, rejecting a contention

that the order would require the prisoner to lose the use of good time credits to reduce his sentence. *See also Lara v. U.S. Parole Comm'n,* 990 F.2d 839, 840 (5th Cir.1993) (upholding without discussion a Commission order essentially identical to that here). Under Fifth Circuit law these supervised release and sentence credit determinations were part of the "sentence."

It also does not matter how this circuit might decide these same issues. Under one view we have no jurisdiction because this is a collateral attack on the Commission's order and we are not the proper forum, for the reasons already discussed. Under another view we are bound to accept the Fifth Circuit's approval of the order by the principles of res judicata—claim preclusion—because the issues petitioner raises could and should have been raised in his direct appeal. It is, of course, no wonder the public defender who represented petitioner in his direct appeal did not raise the issues asserted in the instant case, because Fifth Circuit case law firmly established their lack of merit.

Our analysis subsumes petitioner's arguments that somehow the Commission's decision violated provisions of the transfer treaty, federal law, and the agreement between petitioner and the government. Petitioner's good time and other credits are relevant only to his prison discharge date before beginning supervised release. But there does not appear to be any disagreement between the parties on that matter; and if disagreement develops petitioner must first exhaust his administrative remedies before going to the district court to review the BOP's calculations. *See United States v. Wilson,* 503 U.S. 329, 335–36, 112 S.Ct. 1351, 1354–55, 117 L.Ed.2d 593 (1992).

We thus hold that the Commission's order is not subject to collateral attack in this jurisdiction, and that the district court erred in ordering presumptive good time credits and eliminating the period of supervised release the Commission imposed on petitioner.

AFFIRMED IN PART, REVERSED IN PART.