**UNITED STATES COURT OF APPEALS**
Filed 8/15/96
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE D. RODRIGUEZ,

    Defendant-Appellant.

No. 95-6392
(D.C. No. CR-92-82-A)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a); 10th Cir. R. 341.1.9. The case is therefore ordered submitted without oral argument.

Jose D. Rodriguez, a federal prisoner, brought a motion for post-conviction

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

relief pursuant to 28 U.S.C. § 2255 for the alleged violation of his constitutional rights. The district court denied his motion for lack of jurisdiction. Mr. Rodriguez appeals and we affirm.

In 1986 Mr. Rodriguez was sentenced to a term of fifteen years incarceration by the United States District Court for the Southern District of Texas for possession of cocaine and bond jumping. In 1988 Mr. Rodriguez walked away from the federal correctional facility at El Reno, Oklahoma, where he had been incarcerated. He remained a fugitive until March, 1992. Following his recapture, he was charged in the United States District Court for the Western District of Oklahoma with escape from a penal institution in violation of 18 U.S.C. § 751(a). Mr. Rodriguez pled guilty and was sentenced to a term of twenty-seven months, to run consecutively to his Texas sentence. Subsequently, the disciplinary hearing officer assigned to Mr. Rodriguez's Texas case issued a decision rescinding defendant's parole date.

In his section 2255 motion, Mr. Rodriguez challenges the recision of his parole date as cruel and unusual punishment, and also invokes the "principles" of the Double Jeopardy Clause, although he explicitly does not claim double jeopardy.[1]

---

[1] Of course, we are obliged to construe pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To the extent that Mr. Rodriguez seeks relief for the parole decision in his Texas case, the district court correctly ruled that it was without jurisdiction. Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added). We also note that section 2255 motions must concern the constitutionality of a sentence, the jurisdiction of the sentencing court, or the length of the sentence. *Id.* Insofar as Mr. Rodriguez is attacking the parole board's decision, and not the sentence in the Texas case, section 2255 does not provide a remedy. See *United States v. Addonizio*, 442 U.S. 178, 187 (1979) ("Whether or not the Parole Commission action in this case was constitutional, . . . there is no claim that the action taken by the sentencing judge was unconstitutional, or was based on 'misinformation of constitutional magnitude.'").

"Parole Commission . . . release decisions are challenged through habeas proceedings in the jurisdiction in which the prisoner is incarcerated."[2] *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 327 (10th Cir.), cert. denied, No. 95-9030, 1996 W.L. 282437 (June 17, 1996). We agree with the district court that Mr. Rodriguez's current pleadings cannot be construed as a habeas corpus petition

---

[2] We also note that the Parole Commission "has procedures for reopening and reconsidering its orders. See 28 C.F.R. § 2.62(k)." *Bennett*, 83 F.3d at 327.

under 28 U.S.C. § 2241 because such a petition must be filed in the district in which he is confined. Mr. Rodriguez is apparently presently confined at Fort Worth, Texas. See rec., vol. I, doc. 13.

To the extent that Mr. Rodriguez seeks relief for his Oklahoma sentence, he has failed to set out any deprivation of his rights under the Eighth Amendment or the Double Jeopardy Clause. His sentence was in no way cruel or unusual, and the sentence was imposed as punishment for escape from El Reno, not for his original crime of possession of cocaine.

AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-