**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD R. RUSSELL,

      Petitioner - Appellant,

v.

UNITED STATES PAROLE
COMMISSION; WARDEN, USP
FLORENCE; FEDERAL BUREAU OF
PRISONS; UNITED STATES
ATTORNEY GENERAL,

      Respondents - Appellees.

No. 01-1002
(D.C. No. 99-Z-1625)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

      Donald Russell, a United States citizen, pleaded guilty to several crimes in

a Canadian court and was sentenced to serve fifteen years.  (Doc. 19, exh. A

(sealed), at 2-3.)  Canada and the United States are parties to a treaty that allows

---

      [*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

certain consenting prisoners to serve their sentences in their countries of citizenship. As required by 18 U.S.C. § 4108, a magistrate met with Russell before the transfer to ensure his consent was knowing and voluntary. (Doc. 2, at 5.)

Upon Russell's arrival in this country, the United States Parole Commission was required to determine "a release date and a period and conditions of supervised release . . . as though the offender were convicted in a United States district court of a similar offense." 18 U.S.C. § 4106A(b)(1)(A). We have previously ruled that the "release date" referred to in this section is in reality a "sentence" analogous to those imposed by the district courts on domestic offenders. Bennett v. United States Parole Comm'n, 83 F.3d 324, 327 (10th Cir. 1996). The combined periods of imprisonment and supervised release could not exceed Russell's Canadian sentence of fifteen years. See id. § 4106A(b)(1)(C).

In accordance with these statutory requirements, the Commission imposed a "sentence" of the full fifteen years. (Doc. 19, exh. G (red tab A).) Recognizing that Russell would be released before the end of this term because of good-time credits, the Commission also imposed a term of supervised release until the end of the full fifteen years. (Id.) Although Russell had a right to appeal the Commission's determination to this court within forty-five days after receiving notice of it, see 18 U.S.C. § 4106A(2)(A), he did not do so.

Russell brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that (1) the transfer was invalid because he did not voluntarily consent to it and (2) the Commission improperly imposed a term of supervised release. (Doc. 2.) The district court adopted a magistrate judge's recommendation that the voluntariness claim be dismissed on the merits and the supervised-release claim be dismissed for lack of jurisdiction. (Docs. 31, 32.) Russell appeals the disposition of both issues.

The district court had jurisdiction over Russell's challenge to the validity of the transfer under 18 U.S.C. § 3244(5). As we discuss below, it did not have jurisdiction over his supervised-release claim. We have appellate jurisdiction under 28 U.S.C. §§ 1291 & 2253. We review the district court's decision de novo. U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999) (lack of subject-matter jurisdiction); Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (failure to state a claim).

Russell did not file timely objections to the magistrate judge's recommendations. Ordinarily, this failure to object would amount to a waiver of Russell's arguments. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Russell states, however, that he did not receive the magistrate judge's recommendations and therefore did not have notice of the need to file objections. (Doc. 33.) If this is true, Russell's failure to object would not amount to a

waiver.  Cf. Moore, 950 F.2d at 659 (declining "to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations").  Because, as we discuss below, one of Russell's claims may have merit, we remand this case to the district court to determine whether Russell had notice of the objection requirement.  We affirm the dismissal of Russell's other claim.

A.  Voluntariness of Consent to Transfer

Russell asserts that he was misinformed about the federal parole system by the magistrate at the time he consented to the transfer.  Although he admits he was properly informed, as provided by 18 U.S.C. § 4108(b)(2), that "the sentence shall be carried out according to the laws of the United States and that those laws are subject to change" (Doc. 2, at 5), he asserts he was also told that the "usual requirement" is that an offender is released on parole after serving one-third of the total sentence imposed and at most he would serve two-thirds of the sentence before being released.  (Doc. 25, at 5.)  While this may have been a correct representation of federal law before 1987, it was incorrect at the time it was made in 1990 with respect to Russell's offense, which was committed in 1989.  See 18 U.S.C. §§ 4205-4206 (repealed effective Nov. 1, 1987).

Russell's challenge to the voluntariness of his consent to the transfer is analyzed under the standards that apply to defendants challenging the voluntariness of their guilty pleas. See Rosado v. Civiletti, 621 F.2d 1179, 1190 (2d Cir. 1980). The magistrate judge in this case cited Hill v. Lockhart, 474 U.S. 52, 56 (1985), for the proposition that "[e]ven though Mr. Russell may not have understood the details concerning when he might be eligible for parole, how his good time credits might be applied, and how long he might be on supervised release, this lack of understanding does not render his consent to transfer invalid." (Doc. 31, at 4.) In other words, the magistrate judge appeared to hold that a defendant's misunderstanding of the parole system could never render his consent involuntary.

This is an incorrect reading of Hill. There is dictum in Hill suggesting that the courts and other state officials are not required to inform a defendant of his parole eligibility. See 474 U.S. at 56 ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary . . . ."). That does not mean, however, that these state officials may give the defendant erroneous information without calling the voluntariness of his consent into question. As a number of federal appellate courts have recognized, "[W]here parole eligibility information is provided to a defendant by the state or the

defendant's attorney and that information is grossly erroneous, a defendant may be entitled to habeas relief where he can show that he would not have pleaded guilty had accurate information been provided." Meyers v. Gillis, 93 F.3d 1147 (3d Cir. 1996) (collecting cases); see also, e.g., Holmes v. United States, 876 F.2d 1545, 1549 n.5 (11th Cir. 1989) ("[I]f a trial court provides the defendant information regarding parole eligibility that is materially incorrect, the defendant may be entitled to withdraw his plea on voluntariness grounds . . . ."); Czere v. Butler, 833 F.2d 59, 63 n.6 (5th Cir. 1987) (same). It is at least possible that Russell's consent to the transfer was rendered involuntary by the misinformation he received from the magistrate.

It is less clear that Russell has alleged he was prejudiced by this misinformation – that he would not have consented to the transfer had he not received the misinformation. At the very least, however, it is appropriate to give him a chance to amend his petition to cure this defect. See Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

If on remand the district court determines that Russell has not waived his objections, the court should then consider (1) whether he received such grossly

erroneous misinformation from the magistrate that his consent to transfer was involuntary, and (2) whether he was prejudiced by this misinformation.

B.  <u>Supervised Release</u>

Russell challenges the Parole Commission's imposition of a term of supervised release on the grounds that it has the practical effect of depriving him of his earned good-time credits.  We have previously held that such a claim is not cognizable under § 2241 because it attacks the imposition of the sentence, not its execution.  <u>See</u> <u>Bennett v. United States Parole Comm'n</u>, 83 F.3d 324, 327-28 (10th Cir. 1996).  The district court properly concluded that it lacked jurisdiction over this claim.  We affirm for substantially the reasons stated by the magistrate judge and the district court.

C.  <u>Permission to File an Out-of-Time Appeal</u>

Russell also seeks to file an out-of-time appeal of the Parole Commission's original determination.  (Doc. 37.)  His notice of appeal should have been taken within forty-five days of his receipt of notice of the Commission's determination.  <u>See</u> 18 U.S.C. § 4106A(b)(2)(A).  The timely filing of a notice of appeal is mandatory and jurisdictional.  <u>United States v. Robbins</u>, 179 F.3d 1268, 1269 (10th Cir. 1999).  Even accepting Russell's assertion that he did not receive such

notice until September 2, 1995 (Doc. 2, at 4 n.3), his notice of appeal was due more than five and a half years ago.  Russell's only explanation for the delay is that he was not told at that time about the possibility of a direct appeal or the time limits.  That contention is belied by the record, which shows that Russell was told, "You have the right to appeal the Commission's determination to the United States Court of Appeals that has jurisdiction over your place of confinement within 45 days of when you receive notice of the determination."  (Doc. 19, Exh. E-2, at 2; see also id. Exh. E, at 1; id. Exh. F, at 2.)  We deny the petition.

D.  Conclusion

We AFFIRM the district court's dismissal of Russell's challenge to his term of supervised release and DENY Russell's petition to file a late notice of appeal. We REVERSE the district court's dismissal of his challenge to the transfer and REMAND for the court to determine whether he waived the issue by failing to file objections to the magistrate judge's recommendations.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge