United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10530
Conference Calendar

_____

ROBERT JOSEPH WILLIAMS,

                                        Plaintiff-Appellant,

versus

JULIO P. UY, DR.,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CV-11
- - - - - - - - - -

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Robert Joseph Williams, Texas prisoner # 757180, appeals

from the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C.

§ 1983 civil rights complaint for failure to exhaust

administrative remedies, pursuant to 42 U.S.C. § 1997e, with

prejudice to proceeding in forma pauperis (IFP) pursuant to 28

U.S.C. § 1915(b).  Williams had alleged that the prison doctor

was deliberately indifferent to his serious medical needs.  In

his appellate brief, Williams does not address the district

court's conclusion that he failed to exhaust administrative

remedies by filing prison grievances.  He neither denies failing

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to pursue such remedies nor argues that he has a valid defense to the exhaustion requirement. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because Williams has failed to contest the district court's conclusion that he failed to satisfy the exhaustion requirement, he has waived the only issue relevant to his appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are deemed abandoned).

Williams's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of this appeal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Williams that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.