NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2016[*]
Decided June 1, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-3335

| | |
|---|---|
| GABRIEL BUITRON, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 14-CV-00875-DRH |
| | |
| JAMES CROSS, JR., | David R. Herndon, |
| Warden, and | *Judge*. |
| LORETTA E. LYNCH, | |
| Attorney General of the United States, | |
| *Respondents-Appellees*. | |

**O R D E R**

Gabriel Buitron, a United States citizen, was convicted of aggravated homicide in Mexico and sentenced to 330 months in prison. As allowed by treaty, after serving

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

18 months in Mexico Buitron was transferred to the United States. The United States Parole Commission determined that Buitron would serve the remaining 312 months in prison, minus any earned good-conduct credits, plus a term of supervised release. The total sentence was capped by statute at 330 months—the full term of his foreign sentence. Imprisoned in Texas, Buitron appealed that sentence to the Fifth Circuit and lost. *See Buitron v. U.S. Parole Comm'n*, 73 F. App'x 759, 762–64 (5th Cir. 2003). Now in Illinois, Buitron has petitioned under 28 U.S.C. § 2241, contending that he "will be imprisoned in excess of the statutory maximum sentence." The district court denied relief. Because his petition fails for procedural and substantive reasons, we affirm.

Buitron's challenge concerns his term of supervised release. The Parole Commission determined that Buitron's term of supervised release would end on the earlier of (1) 60 months from his release from prison, or (2) "the full term date of [his] foreign sentence," which ends February 14, 2025. More than 10 years after the Parole Commission issued its order, Buitron filed two petitions under § 2241 related to his supervised release. In both petitions Buitron inexplicably assumed that the Parole Commission required a 60-month term of supervised release.

Based on that assumption, in his first petition Buitron argued that the 312-month prison term, plus his assumed 60-month term of supervised release, amounted to a sentence of 372 months and therefore violated 18 U.S.C. § 4106A(b)(1)(C). That statute, which governs sentences of prisoners transferred by treaty to the United States, provides that "[t]he combined periods of imprisonment and supervised release … shall not exceed the term of imprisonment imposed by the foreign court." Buitron asserted that, in order to account for the supposedly mandatory 60 months of supervised release, the Parole Commission had to reduce his prison term to 252 months. The district court dismissed the petition, reasoning that Buitron could not attack the Commission's order collaterally under § 2241. Buitron did not appeal.

Six months later, Buitron tried again in the same district court. In his second petition under § 2241, the dismissal of which we are now reviewing, Buitron recast his claim as an attack, not on the Commission's order, but on the execution of that order by the Bureau of Prisons. He contends that the Bureau is required to deduct the supposedly mandatory 60 months of supervised release from his 312-month "aggregate" sentence, leaving a prison term of only 252 months. With good-conduct credits, Buitron estimates that he should be released from prison more than 4 years earlier than the date calculated by the Bureau.

Reaching the merits, the district court again dismissed the petition. It did not discuss the possibility of dismissing the petition under 28 U.S.C. § 2244(a) ("No … district judge shall be required to entertain" a petition that a judge has previously rejected.). *See Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998). Instead, after repeating that the claim was "not cognizable" under § 2241, the court explained that the Parole Commission had not, in fact, required a 60-month term of supervised release; instead the Commission had capped Buitron's sentence at the full term date of his foreign sentence. Thus, the court concluded that there was no error in either the sentencing order of the Parole Commission or the Bureau's execution of the sentence.

Buitron responded on several flanks. First, he asked the district court to reconsider. While that motion was pending, Buitron also asked the Parole Commission to reopen his case, making the same arguments that he had made to the district court. The Parole Commission denied his request. He then filed in this court a petition to review the Commission's decision. We transferred the petition to the Fifth Circuit. *See Buitron v. U.S. Parole Comm'n*, No. 15-2361 (7th Cir. July 21, 2015). There, the government successfully argued that the Parole Commission's decision to not reopen his case was discretionary and not a reviewable "determination" under 18 U.S.C. § 4106A. *See Buitron v. U.S. Parole Comm'n*, No. 15-60515 (5th Cir. Oct. 8, 2015). After we transferred Buitron's petition, the district court denied his motion to reconsider, precipitating his current appeal.

Buitron maintains on appeal that he challenges the Bureau's execution of his sentence and not the Parole Commission's determination of his sentence, and thus he may invoke § 2241. But Buitron's quarrel *is* with the Parole Commission's order that, before deductions for good-conduct credits, he serve 312 months in prison. Buitron is not disputing the Bureau's computation of good-conduct credits, which is generally what a challenge to the "execution" of a sentence entails. Rather, he seeks a new sentence of 252 months' imprisonment and 60 months' supervised release. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000); *Trevino-Casares v. U.S. Parole Comm'n*, 992 F.2d 1068, 1070 (10th Cir. 1993).

The question remains whether Buitron may collaterally challenge the Parole Commission's order under § 2241. That section "by its terms covers any claim for release by a person who contends that his custody violates the Constitution or laws of the United States." *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). Section 2255, by contrast, authorizes collateral challenges by prisoners "in custody under sentence of a

court established by Act of Congress." 28 U.S.C. § 2255. A foreign court is not such a court, and the Parole Commission is not a court. Yet some circuits have said that a sentence from the Commission under § 4106A is "in procedure, substance, and effect tantamount to the imposition of a federal sentence, and … should, for all practical purposes, be treated as such." *Odili v. U.S. Parole Comm'n*, 474 F.3d 1255, 1259 (11th Cir. 2007) (quoting *Bennett v. U.S. Parole Comm'n*, 83 F.3d 324, 327 (10th Cir. 1996)). We, however, have not embraced this view. *See Cafi v. U.S. Parole Comm'n*, 268 F.3d 467, 474 (7th Cir. 2001) ("… Section 4106A provides that the Commission is to determine a release date and terms and conditions of supervised release 'as though the defendant were sentenced in a district court;' it does not provide that a defendant *is* actually sentenced under the federal statutory and guideline provisions.").

No matter. Even if a prisoner may collaterally challenge a § 4106A sentence from the Parole Commission under § 2241, Buitron must still lose here. First, he never raised in his original appeal from the Parole Commission to the Fifth Circuit the argument, which he attempts here, that the Commission's sentence exceeds the statutory maximum. Collateral proceedings are not second runs of direct appeals. *Cf. Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir. 1985). Second, as we have observed, Buitron already lost this argument in his prior, unappealed collateral challenge under § 2241, and he has not explained why he is entitled to relitigate it. *Cf. Toliver v. Pollard*, 688 F.3d 853, 861 (7th Cir. 2012); *White v. United States*, 371 F.3d 900, 902–03 (7th Cir. 2004).

But even if we overlook these procedural obstacles, Buitron's challenge (whether characterized as a challenge to his sentence or its execution) fails on the merits. Buitron's claim rests on the faulty assumption that he is required to serve a 60-month term of supervised release. The Parole Commission, however, ordered Buitron to serve 312 months in prison, minus good-conduct credits, plus a term of supervised release that must end on the *earlier* of 60 months or the full term of his foreign sentence. Because his time on supervised release is capped by the full term of his foreign sentence, his sentence in the United States necessarily complies with 18 U.S.C. § 4106A(b)(1)(C). *See Cafi*, 268 F.3d at 472–75 (upholding on direct appeal a structurally identical sentence); *Bender v. U.S. Parole Comm'n*, 802 F.3d 690, 694–96 (5th Cir. 2015) (same).

We close with a stern warning. Buitron has received multiple rulings rejecting various iterations of the claim he has raised here. If he pursues any further collateral

attacks of his sentence based on this claim, he risks sanctions, including a filing bar. *See Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997).

AFFIRMED.