# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10519

DERRICK LANARD FORD,

Plaintiff-Appellant

v.

GLENNA S. BLAIR, Clerk II,

Defendant-Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CV-180

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Derrick Lanard Ford, Texas prisoner # 1474214, filed a 42 U.S.C. § 1983 action against Glenna S. Blair, a mail clerk in the Allred Unit of the Texas Department of Criminal Justice, alleging that she censored and tampered with his mail and failed to deliver it. Ford raised claims that Blair violated his First Amendment rights and interfered with his access to courts. The district court granted Blair's motion for summary judgment, finding that she was entitled to qualified immunity; dismissed the claims as frivolous; and denied Ford's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10519

motion to proceed in forma pauperis (IFP) on appeal. The court certified that the appeal was not taken in good faith. By moving for IFP status in this court, Ford is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Ford's argument that the district court erred by granting Blair's motion without first informing him that he had a right to file an affidavit opposing her motion fails; the district court had no obligation to provide Ford with particularized instructions on the requirements and consequences of summary judgment. *See Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Likewise, Ford cannot show that the district court erred by denying his motion to conduct discovery; he has not identified the discovery he sought or explained why the discovery would have influenced the outcome of Blair's motion. *See* FED. R. CIV. P. 56(d); *see also Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

Ford raises no substantive argument that the district court erred in dismissing his First Amendment or denial of access to courts claims. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). As Ford fails to identify any error in the district court's analysis as to these claims, it is the same as if he had not appealed these issues. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Ford's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we deny the IFP motion and dismiss the appeal. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint as frivolous and our dismissal of the appeal as frivolous count as "strikes" for purposes of the "three

strikes" bar under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson,* 135 S. Ct. 1759, 1763-64 (2015). Ford is WARNED that if he accumulates at least three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.